Our last case today, number 231429, Gore and Associates Management Company, Inc. v. SLSCO Ltd. et al. Will attorney for appellant please come up and introduce yourself on the record. Yes, good morning. My name is Veronica Ferraioli, and I appear on behalf of Gore and Associates Management Company, the appellant in this case. I would like to reserve three minutes for rebuttal, please. You may. The relief requested by Gore in this case is that it be allowed to litigate unified bond claims. These claims are independent from earthwork claims, and it is palpably erroneous to subject them and make them dependent upon another party's claims. You want to start with while we might have jurisdiction? Yes, Your Honor. If I may, I just want to clarify two things. The first one is about the jurisdiction. Gore seeks review of the docket order at docket 70, denying its motion to reopen the case. It does not seek review of the district court's docket at 64 or the state judgment at 65. This case was filed as a mandamus, a supervisory mandamus, and this court has jurisdiction under the All Rights Act to issue mandamus. Whether the facts of the case require a mandamus is one thing versus the jurisdiction. On the other hand, this court, in its order, cited the case of INRE EuroHealth Systems, which clearly establishes the ability of the court to turn a mandamus proceeding into an appeal. In this case, the mandamus was filed within 30 days of the order that is being subject to review, and it was also notified to the parties and to the court within the 30 days. So if it would have been filed as an appeal, it would have been timely. So the court has jurisdiction either under the All Rights Act as a supervisory mandamus or as an appeal as was turned, or I guess was turned into by the court. So like I wanted to clarify, the first one is that the review sought is from the order denying the lifting of the stay. So this is stay. So let's focus not on the mandamus. Let's focus on if this is an appeal. Yes. The judge issues a stay. Then you then file a motion to lift the stay, and the judge says, I'm not lifting the stay. You have to get this all resolved in the Puerto Rico court and then come back here, right? And the dispute seems to be one side says, you need to appeal not from the motion to lift the stay, but from the original stay motion. That's like the dispute. That is the dispute. And what it seems this turns on is whether this is one of those stays that contemplates a final judgment because you are effectively out of court. And that's the question. That is correct, Your Honor. So how do we figure that out? Like, so that seems to be what it's all about. On the one hand, you might say, well, you were effectively out of court when the first stay was issued. And so that's the time when it starts running. Or I guess you might say, well, we didn't really know what that first order meant. The only way we could really get clarity on that was to go back and say, lift the stay. And then it's made clear to us, no, this is one of those stays that's gonna be forever. And so that's why now we have a final judgment. How do we think about this? Well, Your Honor, even though there's only one plaintiff in this case, there are claims arising from two different parties or two different contractors. There is Earthworks, which is a direct contractor, a direct subcontractor, and there is a second tier subcontractor, which is Unify. There are several claims that belong to each one of those parties. The initial motion to dismiss address the breach of contract claims which belong to Earthworks. Earthworks is the, I guess, the direct contracting party to S. Alaska. And there are breach of contract claims regarding that relationship. Those were dismissed. And when you talk about whether the bond claims are dependent on that main breach of contract case, then you're talking about Earthworks' claim. There's this other party, Unify, or there's this other claimant, I will say, Unify, which is a second tier. Its claims are purely bond claims. The question in that case is whether Earthworks paid Unify. That is the question. There may be some defenses, hard for defenses, or there may be some other actions that the bond can start, depending on whether Unify, whether they need to pay Unify or not, that are really not necessarily dependent on the, or are independent and separate from Earthworks. Right, which makes it stay wrong. There's no good reason. There's no good reason, but it's not necessarily wrong because the complaint that was before the court at that time was the dismissed breach of contract claims and bond claims by both claimants. So after going back and looking at the case and looking at where it would need to proceed, because it's not only Puerto Rico, it's the U.S. Virgin Islands also, so you're looking at two different court proceedings three different cases, really, because the Unify cases, Unify bond cases are different from Earthworks bond cases, and they're different from Earthworks breach of contract cases or made the decision to just go with the Unify cases. It's a more streamlined case. It doesn't have to deal with different courts. And so when it sought to reopen the case, what it said was, Your Honor, this report, you state the case, I understand that. What we're gonna do is we are going to forget about Earthworks cases, and we are asking the court only to continue with regards to Unify cases, which have nothing to do with the other claims that have been dismissed. Or the bond claims that would be dependent somewhat or would share the same evidence. We are not, we're not gonna look at this. So district court reopened the case just for these cases, just for these claims. And so that is why, even if the court, the district court had every right to control its docket, even though it would decide not to, not to extend jurisdiction or to, or to act within its jurisdiction with the bond claims of Earthworks, and it could have stayed, it was fine staying the case, it was erroneous to stay, to continue to stay with regards to Unify bond claims when it was asked to reopen the case. So essentially, procedurally, based upon your narrowing of the claims and your motion to reopen or reconsider, the only remedy we would give you would be a judgment that said the court erred in not reconsidering. And then we would send it back to the district court to say reconsider. But we wouldn't do anything that would touch the underlying stake. No, the, the reconsideration that was filed was from the denial of the lifting of the stake. So. Right, so we would say, you were wrong not to. You lift the stake. No, we would say you were wrong not to reconsider. That's all we would say. No. We would say you were wrong not to reconsider and you should go back and reconsider whether you should lift the stake. No, Your Honor, I disagree. What we are requesting is that the court say, you were wrong not to lift the stake. And I'm telling you that I don't, I could be wrong, we'll discuss it later, but I don't think procedurally that's what we would do. Because you're not appealing the first stake, you're appealing the reconsideration. Right, there's three things happened. Stay, motion to lift stay, denied. Motion to reconsider, denial of motion to lift stay. That is correct, Your Honor. What is the effect of the reconsideration motion on the time to appeal the motion to lift the stake? It stays. It tolls it? It's a toll, yes. It's a motion for reconsideration. And so when does the, when you, well, you filed a mandamus, so it's just treated by the court of appeals as a notice of appeal filed as of the day of what? That you filed mandamus, which is?  How long after the motion to reconsider was denied? 30 days. Within 30 days? Yes, yes. It was within the rules of. So your position is you're not appealing the motion to reconsider, you're appealing the motion to lift the stake. That is correct. That is what the, that is what is being requested from the court. That it order the stake be lifted so that unified, so that Gore can litigate unified's bond claims. And just for clarification, you're saying that the request to lift the stake is timely because the mandamus petition was timely and therefore we're treating it as an appeal? No, Your Honor. The motion to lift the stake was filed, I think like two months after the stay was ordered. So the stay was ordered and Gore went back and looked at everything and did not appeal, Gore did not appeal from the original stay. And Gore is not appealing and is not challenging the stay with regards to earthwork bond claims. It only wants to go forth with unified's bond claims, which are independent and separate from earthwork claims, which I guess are tied or are the same party which the court dismissed the breach of contract claims for forum selection. The other side says you're untimely because there was a stay motion. You just told me two months went by. You didn't do anything during that two months, but think about your options. And therefore, by the time you thought about your options, it was too late to appeal the judge's stay. That's the other side's position, right? Yes, Your Honor. And you say, well, no, there are only certain, I would think you'd say at least, there are only certain kinds of stays that allow us to appeal as a final judgment. Those are the stays that kick us out of court. And so that's why we didn't know what that first stay was, whether it qualified or not. May I answer the question, Your Honor? Yes. Okay. The order is saying the case. It says that it's saying, given the court's power control to control the disposition of claims and its stock, it's an economy of time. And then it says plaintiffs shall file its claims under the Puerto Rico subcontract and USBI subcontract in the appropriate forums and shall inform the court of the disposition of the principal contract claims so that the surety contract claims may proceed. That does not clearly talk about every claim. It sounds like what you were talking about is first court claims because the principal contract claims are only regarding earthwork bond claims. The order denying the lift of stay on 70 says plaintiff cannot reopen the case. Plaintiff cannot reopen the case upon motion, which is completely different to what the judgment says. It says this case will remain administratively closed and may be reopened upon motion. That's this docket 64. So that once we receive this docket number 70, that says, no, we are kind of talking about everything. The motion for reconsideration is filed. And only when you receive the memorandum order denying the motion for reconsideration do you get a wide idea of no, we are not staying. You have to go litigate in state court, in two different state courts, the earthwork claims so that we can then look at the unified claims, which are independent and separate from the unified claims. So just in sum, there is... Well, your time is up, you have three minutes for rebuttal.  Thank you, counsel. Well, attorney for Appalese, please come up and introduce yourself on the record to begin. Good morning, your honors. May it please the court. My name is Salvatore Antonetti and I'm here on behalf of Appalese. I know you want to talk about jurisdiction, but shouldn't we be concerned with the imposition of a stay that is limitless in duration? Your honor, there are two points to that. Number one is that it is not necessarily limited in duration, the court did. If I may take a step back, the court's order that the appellants, various places in their briefing have indicated this as a sua sponte order, that there was no way to figure it out. That's not correct as far as we're concerned. This was briefed, our brief at docket 59, for example, express the request to stay along these lines and explain why. And so in that sense, one of the things that we understand, plainly it meant when the court issued that order in December of 2020, was that once the appellant had complied with the court's instructions, it could then move to reopen. Moreover, the second alternative is even if they decided to challenge that position, A, they could have sought reconsideration, clarification at the time within a timely way, they could have appealed, there was a judgment actually entered by separate document. And third, also, they could have actually gone to the court if the concern is the passage of time. One of the things we suggest in the briefing, we also don't want to argue for appellants, but they could have moved at any point during this process, the district court to do something and they haven't. And so again, that's their decision, why they haven't initiated any state court litigation as directed by the court, why they haven't made those arguments to the district at any point during the last four years, we also don't know. They moved to lift the stay. They moved to lift the stay. But the grounds upon which they moved were procedurally defaulted for various reasons. First of all, to the degree that they go directly to the same arguments that had been briefed extensively before the district court prior to the issuance of the stay, there was essentially a motion for reconsideration of those grounds, there was nothing new there. The only different aspect was the request to amend. And by the way, in the briefing, do you have any argument, which I didn't see in your brief, on just the merits sort of that this bond claim between Gore needs disposition of a contract dispute between Earthware and, do you have any merits argument on that? Because I didn't see it. We incorporate by reference, I know the court does not favor that, but because we think this is a jurisdictional and procedural issue. But yes, we disagree. It's briefed before the district court and Dr. Hatim. Okay, so here you didn't make that argument. So what I don't understand then is, so what you're saying is for this to be, as I understand, I'm reading this Exxon Mobil case that Judge Thompson wrote, which talks about stays that put you out of court. It has two things. One, you have to effectively be out of court for a long time and two, it has to be wrong that you were put out of court for a long time. And it seems like, at least you haven't briefed here, that the judge was right to send them off to the state courts. So that leaves, were they out of court for a long time? And it seems to me that you don't get all of these things, all of these ducks in a row until you say, all right, the Earthware cases are gone. That might have a contractual component. We're left with the Gore Unified cases. They don't require going off the other place. So now if the judge continues with this idea that it has to be stayed, well, that's wrong. And it's gonna take forever because we don't even know if those state court cases are gonna happen. It's only at that moment when the motion to dismiss, to separate the wheat from the chaff has happened and we know that the judge isn't letting you back into court. It's only at that moment that the elements of your effectively out of court final judgment have been met, which would seem to happen when the lift of the stay is denied. Well, Your Honor, that motion hasn't been filed, not that way, because they did not comply with the requirements to actually seek to, for example, drop a claim. No mention of Rule 42, voluntary dismissal, no request to reopen the judgment as such to amend. Rather, it was a motion to lift the stay. And they try to put everything in one big box. But procedurally, the case law of this circuit states that a motion under Rule 15 to amend cannot be considered until the judgment is reopened. That hadn't happened. So there was no attempt to even grapple with those issues in that motion. Perhaps it's a properly briefed motion, and I understand the temptation, time has passed, and we understand that very naturally the court is concerned about that. We think that there are keys to that door, the plaintiffs have them. But the point is the motion, as it should have been presented, was not presented. The district court was presented with essentially a motion for reconsideration of its December judgment and a de facto informal request, oh, by the way, we're dropping Unified, but without any kind of compliance with any of the procedural requirements to amend. And these requirements are clearly stated. As I said earlier, the case law from the circuit says Rule 15 amendments cannot be even contemplated by the district court when there's a judgment in place, and there was one in place. And they simply ignored that deadline. They made the decision not to seek relief within the deadline set by the rules. And that has consequences. Now, they can restart that process and try, and possibly the district court will reach a different result at this time, primarily based on the passage of time. But that's up to them to do it. Moreover, so that's basically my point, Your Honor. I take your concerns, but I think that there are several hoops through which they have to jump before they can get there, and they haven't done so. If I may also, with respect to, I also think there's some procedural issues. Even before this court, Judge Barron's order expressly required the parties to address jurisdiction. The first time that they did so was actually in their reply brief. And even there, it was fairly perfunctory. I do want to address a couple of points there with respect to mandamus jurisdiction in case the court is going to consider ruling on that basis. One of the main points made by plaintiff's appellants in this case, with respect to mandamus jurisdiction, is that in response to our observation that the three-pronged elements for a mandamus petition had not been met, they expressly state, oh, but wait, we don't have to show irreparable harm because it is an advisory mandamus petition. Problem with that is that's not what the petition says. The petition expressly states there are advisory and supervisory mandamus, and this is a supervisory mandamus petition. And that's what the opening brief says for the mandamus petition. Now suddenly in reply, they say, no, no, wait, it's advisory, but they never actually discuss that before. The point still is this is a question that does not present grounds for an advisory mandamus. It doesn't pose a question on the limits of the judicial power. It does not- If they had filed a notice of appeal within 30 days of the original motion to stay, do you think we'd have jurisdiction as that being a final judgment? Yes. And so the mistake is they didn't do that. So that would have been the kind of stay that meets the effectively out-of-court standard. And the problem is they didn't realize it then, and so they, instead of filing a notice of appeal, they waited two months to figure out what to do, and then filed the motion to lift stay. And your view is that's too late because you had more than the time during the two months that you were figuring out what to do. Yeah, and as with respect to something that Judge Thompson asked earlier, my colleague asked, well, all we were really asking for is for us to reverse the decision not to allow the amendment of the complaint, right? And he said, no, no, they're asking also for the lift of the stay. But they're separate steps. And the first folk, and they didn't properly present to the district court the motion, the request for the judgment to reopen, then to permit the amendment of the complaint, and then, once that is in place, then seek to lift the stay. They tried to do it all in one ball, out of time, 60 days past the judgment. So just so I'm clear, we have the stay. Yeah. You say, have they filed an appeal of that within 30 days? Procedurally, at least, yes. They'd be fine. Then they make the motion to lift the stay. Why isn't an appeal of the order denying the motion to lift the stay timely here? What's your position on that? Well, they don't appeal that. They told it with the motion for reconsideration. Yes. But then they filed mandamus within the time that we treat as the motion, as the notice of appeal. Yes. So then that brings us right back to her question. I concede, okay, I concede that if you assume that the motion for lift of the stay was not a motion for reconsideration of the December 15 judgment, in my position, it was substantively one, then, yes, the petition was filed. Had it been filed as an appeal, it would have been timely to review the denial of the motion to lift the stay. We can see that. But we don't think that it works if you see the substance of that motion as we do as the motion for reconsideration, the first one, in which case the appeal was from the denial of the second motion. That's what it all boils down to. Do we view that motion to lift stay as a separate motion or really as wrongly labeled it should have been as a motion to reconsider the initial stay? Yes, but then we still have, well, that's not the only issue. We also have arguments in our briefs about what the consequence, even as an appeal, then you would be reviewing the order of the district court refusing to allow an amendment that did not comply with the rules of civil procedure, first of which is the fact that there was a judgment in place and they did not reopen it before seeking to amend it. Well, the rule is ordinarily, ordinarily, we don't allow amendments if a judgment is in place. But we've allowed amendments with judgment in place. Your Honor, as more experienced as I am, I did not find that when I was doing the research. I did find clear expressions of case law indicating that district courts could not even consider such motions after the time to either appeal or move to amend a judgment had collapsed. I mean, an example of that would be to amend a pleading to conform to evidence that was presented during a trial. That's a post-judgment amendment of a pleading. I would argue that that's a conceptually different type of amendment because it's based on pre-judgment events such as the fact that during the trial certain things happened and certain evidence was presented. So I'm not sure, I'm not aware of that case law, but taking it as if it holds that, I would say that it still is not an exception to the general rules rather. I don't think it would help link this here. That the rule is not so hard and fast that we don't have exceptions, which is what your point was a few minutes ago. There are no exceptions. Not that I knew, no. Why do they need to amend, maybe this is not right, but why do they need to amend to go forward on the bond claim? It seems like they had a bunch of claims, some of which maybe they need to be litigated because of contract provisions somewhere else, and some that don't, right? That's the initial case. The contention, yeah. That's the initial case, and the judge stays the whole thing, and then they try to amend to clean it up. But let's say they didn't amend. Why would the right answer still be to stay the whole thing? Why wouldn't you let the part that's only about the bonds go forward and make the contract part go off to wherever it's supposed to go? Okay, well, Your Honor, because under, certainly with respect to Puerto Rico case law, the duty of assurity extends only to the extent that the principles of responsibility lies. So the liability, our position is that the merits of the bond claims have to take into consideration the defenses of the surety and the principle have. And we raised that point. We argued it, and in fact, the trial court, that's what the trial court is referring to in its judgment, an order relating to the judgment in which it expressly states that it's concerned about the possibility of inconsistent judgments, and that's why it's saying the bond claims until the claims upward in the chain have been adjudicated. And so that is our position. It's been briefed, and that's why. So you disagree that those are independent claims? That's their contention. We think they're not. Right, I think you disagree. Yes, we disagree, and we stated for the record. That here? We did not develop the argument, Your Honor, because, well, we did state it in a note saying we disagree, but because those issues, the merits of the case are not before the court, we reserve our right to develop them later. Well, what do we do if we find that there's a timely notice of appeal, and you haven't briefed us? What are we supposed to do then? Well, I would, Your Honor, talking about the rigidity of certain rules, the court, it is amply briefed in our briefs of Doctrine 59 in the trial court, and also relating to the motion for lift of stay, and if the court is going to consider being flexible with the fact that- Seems like an odd appellate litigation choice to put all your eggs in the jurisdictional basket, but not take a swing at the underlying merits. Puts us in a hard spot. Understood, Your Honor. I will say that we do think that it is important also to consider the fact that appellants have their own fair share of questionable strategic choices. For example, the change in the nature of the mandamus that they're requesting. I want to emphasize that point, because the question of irreparable harm, in the end, as a practical matter, and I know a lot of the questions from the bench have been, as a practical matter, how to resolve a dispute. There is a door open to do this at the trial court level. That's what we're saying should be done, and with respect to the probability of harm. What you're saying is if we find no jurisdiction here, it goes back to the trial court and- I can file a new motion and see what happens. And if they did, would you be in the same position, and he denies it again, would we be in the same position? Would you say, well, sorry, that was just another reconsideration of the original motion to say that you should have appealed from years ago, because it's the same thing all over again, isn't it? May I answer the question? Well, Your Honor, there's also the problem of irreparability. First of all, if it's done as an appeal, you have jurisdiction as an appeal, presumably, and with respect to if they try to do it as a mandamus, there are the issues I've raised with respect to irreparability of the harm, which I think is a major obstacle that they face. Thank you. Okay, that's all. If you have any questions or, in any case, thank you for your time. Thank you. Thank you, Counsel. Attorney for Appellant, you have a three-minute rebuttal.  Again, for the record, this is Veronica Ferraioli on behalf of the Court. To clarify certain things, in Docket 59, the defendant stated that they have a contingent right to recover from earthworks if they are forced to pay plaintiffs, and they have the right to seek set-off and recoupment for the box charges owed to Esalasco in the USBI project. That is, if they have to pay UNIFI for their bond claim. So, when we're talking here about a second-tier subcontractor, the bond responds for the failure of the subcontractor to pay the second-tier subcontractor. We're not talking about earthworks, which is the higher-tier subcontractor in their bond claim with the contract. As I understand your brief, all you say, all you had to do to collect on the bond was show the existence of this contract. Of the bond contract, and that's it. You've alleged that, and your point is that's the end of it. All of this stuff about having to resolve breach of contract claim is not pertinent to the claims we're bringing out. That is correct, and as was stated in the mandamus proceeding, earthworks is an inactive corporation. No longer exists. So, and that is something that the court can take judicial notice of, because that is, you can go into Florida State and see that it's an inactive corporation. So basically, what the district court is saying is, you have to go to state court, two different state courts, with a corporation that no longer exists because they assigned the claim to you, litigate that in order for you to come back and litigate a completely independent claim. And that is just, if that's not probably wrong, erroneous, there are very few things that could be. And just as a final statement, I just wanna note that the rule established by the district court in this case, which is that lower tiers of contractors have to wait until higher tier subcontractors get their claims heard, sets a dangerous policy. And we have to remember, we just had a hurricane in Florida. And it's companies like my client that put the money, that actually make reconstruction happen. What is your view of the motion to amend? Did you need to have the motion amend granted in order to make this stay, what you just called palpably wrong? Or was it palpably wrong before you filed the motion to amend? I do not think that the motion to amend had to be granted because the only claims that were going to be, the only claims that were going to be prosecuted were the unified claims. That is the only thing my client wants. The motion to lift the stay and to file a complaint were filed together so that the court would know that only the unified claims were the ones that we wanted to litigate for. So in essence, you weren't really trying to amend the complaint. You were trying to narrow the issues that you wanted to pursue. That is correct, Your Honor. There is nothing new. It is just they cleaned up the complaint is what happened. And you think that the complaint itself satisfactorily alleges the sufficient cause of action? The motion to dismiss? The order on the motion to dismiss states that. Thank you. That concludes arguments in this case.